COMMONWEALTH vs. GORDON J. DEAN.

Plymouth.    December 11, 1978. — January 8, 1979.

Present: HALE, C.J., GRANT, & ARMSTRONG, JJ.

*Practice, Criminal*, Venue, Assistance of counsel. *Evidence*, Criminal
    records.

A defendant charged with kidnapping was not entitled to a change of
    venue on the basis of a recent unsolved murder of a young woman
    in the same county, the details of which had been published in local
    newspapers. [781–782]
There was no merit to a defendant's contention that his counsel's
    presentation of a motion for a change of venue was such as to deny
    him the effective assistance of counsel. [782]
At a criminal trial, the judge did not err in allowing the prosecutor
    to impeach the defendant by reading to the jury the defendant's
    records of conviction rather than introducing in evidence certified
    copies of the records. [782–783]

INDICTMENT found and returned in the Superior Court
on January 28, 1976.

The case was tried before *Leen, J.*

*Sumner D. Goldberg* for the defendant.

*Helen Murphy Doona*, Special Assistant District Attor-
ney, for the Commonwealth, submitted a brief.

HALE, C.J. The defendant appeals from his conviction
on an indictment charging kidnapping (G. L. c. 265, § 26).[1]
We omit the usual summary of the evidence as it is not
material to the determination of this appeal.

1. There was no error in the denial of the defendant's
motion for a change of venue based on a recent murder
of a young woman in Plymouth County the details of

---

[1] The defendant was also convicted of assault and battery by means
of a dangerous weapon and received a suspended sentence. He has not
appealed from that conviction.

which had been published in local newspapers and which at the time of trial was unsolved. On the record before him the judge correctly found that, with appropriate questioning, an impartial jury could be impaneled. The defendant was entitled to no more than that. *Commonwealth* v. *Turner*, 371 Mass. 803, 806-807 (1977).

2. Wholly without merit is the defendant's argument that trial counsel's presentation of the motion for a change of venue was such as to deny him the effective assistance of counsel. The defendant now argues that "the failure of defense counsel to proceed with a full hearing upon the defendant's motion for change of venue deprived the defendant of an examination as required by [G. L. c. 234, § 28]." Our reading of the transcript does not reveal any basis for holding that trial counsel was incompetent, ineffective or inattentive at this or any other stage of the trial. See *Commonwealth* v. *Schlieff*, 5 Mass. App. Ct. 665, 667-670 (1977).

3. The defendant argues that it was error for the judge to allow him to be impeached, when he took the stand as a witness on his own behalf, by two records of conviction which were not introduced in evidence in the form of certified copies. General Laws c. 233, § 21, requires that if evidence of criminality is introduced to impeach a witness's credibility, "it can be done only by the production of the records of criminal convictions." *Commonwealth* v. *Dominico*, 1 Mass. App. Ct. 693, 713 (1974). The usual procedure is for the prosecutor to read from a certified copy of the record of conviction and then to offer that copy as an exhibit. *Commonwealth* v. *Connolly*, 356 Mass. 617, 627, cert. denied, 400 U.S. 843 (1970). However, the introduction of a certified copy in evidence is only one way of showing that the criminal record has been produced. It should have been clear to the defendant that this argument is without merit, as the transcript of the proceedings which occurred just before trial on the defendant's motion to suppress his criminal records, as well as the trial transcript make clear that the prosecutor had

certified copies of the records in his possession and that both the judge and defense counsel had seen them. Trial counsel's efforts (largely successful) to have the criminal records suppressed were not based on any contention that the prosecutor did not have certified copies of those records in his possession. The judge allowed the prosecutor to ask the defendant only about his conviction and sentence and did not permit him to offer the records in evidence because one of them set forth a violation of probation. The only objection expressed by defense counsel at that time was to the reading of the part of the record "as to the penalty." The phrasing of the prosecutor's later questioning of the defendant indicates that he was reading from records of conviction, and the failure to offer those records in evidence did not harm the defendant. If anything, the procedure followed was favorable to him.

4. The final assignment concerns the judge's handling of a question which arose as the result of the disqualification of a prospective juror. The assignment is not based on an exception. The reason why no exception was taken is apparent from the transcript. The judge's questioning of prospective jurors to determine whether they had received prejudicial information had been appropriate in the circumstances, and trial counsel was satisfied with it.

*Judgment affirmed.*